**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND

CHAMBERS OF  
J. FREDERICK MOTZ  
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-0782  
(410) 962-2698 FAX

May 24, 2007

MEMO TO COUNSEL RE: Mayor & City Council of Baltimore v. Vonage America Inc.  
Civil No. JFM-07-320

Dear Counsel:

      I have reviewed the memoranda submitted in connection with Vonage's motion for protective order.

      As a preliminary matter, I note that the City applies an incorrect standard in determining the proper scope of discovery. It contends that it "has the right to engage in substantive discovery to obtain information that it reasonably believes will lead to the discovery of admissible evidence." Opp'n Mem. at 2. The present standard under Fed. R. Civ. P. 26(b)(1) is less expansive; as stated in the rule, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." To the extent that it is seeking documents reflecting "*any* agreement," "*any* visit" by a Vonage representative to Baltimore for training purposes, "*any* Vonage phone sold within the City of Baltimore," shipping data relating to "*all* Vonage software," etc., the City's document requests seem to be unduly burdensome. It is not readily apparent to me how this voluminous and detailed data bears upon the essential issue of whether the City has the legal authority to impose a telecommunications excise tax on Vonage's services.

      On the other hand, I find equally unpersuasive Vonage's repeated assertion that the City is not entitled to any of the documents it requests because "[t]he nature of Vonage's technology remains the same regardless of any representations made by Vonage, or anyone else for that matter, about its services." Perhaps Vonage is correct in contending that the nature of its technology ultimately is the only dispositive issue. I am not now deciding that question. However, it appears clear to me that at this stage of the litigation, what Vonage says about its technology and what the technology accomplishes are relevant and appropriate areas for the City to inquire into. That said, it also appears to me that to keep discovery within reasonable limits, Vonage may be able to meet its discovery obligations by producing only sample agreements, pamphlets, CDs, other training materials, and the like, along with a complete list of its agents,

franchisees, affiliates, and other representatives.[1]

      Against the background of these observations I have made, I ask you to confer with one another further in an effort to resolve your disagreements. If you cannot reach agreement, the City should file a supplemental memorandum indicating the issues that remain in dispute and its position as to them. Vonage may file a supplemental response to that memorandum within 15 days of the City's filing.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                          Very truly yours,

                                          /s/

                                          J. Frederick Motz
                                          United States District Judge

---

[1] I also note that I do not see how at this stage of the litigation documents relating to the number of Vonage subscribers to which the City's tax would apply and any other information pertaining to the amount of excise taxes Vonage might owe are relevant. It would seem to me that discovery into these areas should await my decision on whether the City may lawfully impose the excise tax upon Vonage's services. If, after you have conferred with one another in accordance with the direction of this letter, the City concludes that it would like to seek to change my mind on this issue, it may state its position in its supplemental brief.